**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| PHOENIX RISING MANAGEMENT, LLC, | ) |
| | ) Case No. [ ] |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PHILADELPHIA INDEMNITY INUSRANCE COMPANY, | ) |
| | ) |
| Defendant, | ) |

## NOTICE OF REMOVAL

NOW COMES the Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY by and through its counsel, and for its NOTICE OF REMOVAL to Plaintiff PHOENIX RISING MANAGEMENT, LLC, and states as follows:

## NATURE OF THE CASE

1. On July 8, 2021 the Plaintiff PHOENIX RISING MANAGEMENT, LLC ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, Chancery Division styled as provided in the caption above, as case number 2021CH03335 (the "Cook County Case"). Plaintiff's Complaint is attached as Exhibit A.

2. The Cook County Case is for duty to defend, breach of contract, estoppel, and bad faith under the Illinois Insurance Code Section 155 against Philadelphia Indemnity Insurance Company ("PIIC") arising from a PIIC insurance policy.

3. The Complaint was served on PIIC through the Illinois Department of Insurance which received the Complaint on September 24, 2021, such notice of service is attached hereto as Exhibit "B."

4. By this notice, Defendant PIIC seeks to remove the Cook County Case to the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Defendant in the Cook County Lawsuit, PIIC, is a Pennsylvania Corporation with its principal offices in Bala Cynwyd, Pennsylvania.

6. Plaintiff in the Cook County Lawsuit is a single member Illinois LLC with its principal place of business in Chicago, Illinois. The single member is Mike Kennelly, who is a citizen of Illinois.

## REMOVAL AND JURISDICTION

7. PIIC seeks removal pursuant to 28 U.S.C. §§ 1441 and 1446. Section 1441 (a) provides:

> Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

8. Section 1446 (a) requires:

> Generally. A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

9. This notice complies with the Section 1446 (a) requirements because it is a short and plain statement of the grounds for removal and a copy of all process and pleadings in the State Court action are attached as Exhibit 1 to this Notice.

10. In addition, Section 1446 (b)(3) provides that:

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

11. Section 1446 (c) provides:

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

12. This notice is timely, as it is filed within 30 days of the service of the Complaint on PIIC.

13. This Court has jurisdiction under 28 U.S.C. § 1332 (a)(1), (a)(2), and (a)(3) because the amount in controversy exceeds $75,000 and PIIC is a citizen of a different state than Plaintiff.

14. 28 USCS § 1446 (c)(2) requires that: "If removal of a civil action is sought on the basis of the jurisdiction conferred by § 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."

15. Plaintiff seeks damages including a defense and indemnity in connection with a lawsuit filed against Plaintiff by the University Village Homeowner's Association. The policy limit on the insurance contract at issue is $1,000,000. In addition, Plaintiff seeks damages of not less than $60,000 for an alleged breach of Section 155 of the Illinois Insurance Code. The amount in controversy exceeds $75,000, and meets the amount in controversy requirement for the Court to exercise diversity jurisdiction.

16. The citizenship of the parties is diverse. Defendant PIIC is a citizen of Pennsylvania. Plaintiff is a single member Illinois LLC whose principal place of business is Chicago and whose sole member is a citizen of Illinois. Thus, there is complete diversity of citizenship among the parties.

17. Section 1446 (d) requires:

Notice to adverse parties and State court. Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

18. Defendant PIIC is in compliance with the requirements of 28 USCS § 1446 (d). Upon filing of this Notice, PIIC will contemporaneously serve copies via U.S. Mail and electronic mail on all adverse parties, and PIIC will file a copy of this notice electronically with the Clerk for the Circuit Court of Cook County.

## **VENUE**

19. Venue is proper under 28 USCS § 1441 (a). Section 1441 (a) provides in pertinent part that actions may be removed "to the district court of the United States for the district and division embracing the place where such action is pending."

20. The state court action is pending in the Circuit Court of Cook County, Illinois. Cook County, Illinois is within the Northern District of Illinois, Eastern Division. Thus, removal to this Court is proper.

## **CONCLUSION**

21.    For the forgoing reasons, this Court should exercise jurisdiction over this matter.

Dated:  October 22, 2021

                                        Respectfully submitted

/s    David Grassmick
David Grassmick (ARDC # 6277563)
John C. De Koker III (ARDC # 6292675)
Cope Ehlers, P.C.
135 South LsSalle Street, Suite 3050
Chicago, IL 60603
Telephone: 312-549-9384
Facsimile:  312-549-9389
dgrassmick@copeehlers.com
jdekoker@copeehlers.com

ATTORNEYS FOR DEFENDANT,
PHILADELPHIA INDEMNITY
INSURANCE COMPANY

**<u>Certificate of Service</u>**

      The undersigned, an Illinois attorney, who is admitted to the trial bar of the United States District Court for the Northern District of Illinois, hereby certifies that on October 22, 2021, I caused to be served a copy of this NOTICE OF REMOVAL to all counsel of record using email and U.S. Mail, and also a copy has been filed electronically with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

                                /s David Grassmick